**Gina LORMÉ, Plaintiff–Appellant,**

v.

**DELTA AIR LINES, INC.,**
**Defendant–Appellee.**

No. 05–4383–cv.

United States Court of Appeals,
Second Circuit.

Oct. 22, 2007.

Stephen R. Pounian (Milton G. Sincoff, Susan D. Bainnson, of counsel, on the

brief), New York, NY, for Plaintiff–Appellant.

Louis R. Martinez (Richard Ritorto, Stephan A. Fisher, of counsel, on the brief), New York, NY, for Defendant–Appellee.

Present: Hon. ROBERT A. KATZMANN and Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

Plaintiff–Appellant Gina Lormé appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) dated November 30, 2004, dismissing the complaint and a Memorandum Order dated July 13, 2005, 2005 WL 1653871, denying her motion for a new trial pursuant to Fed.R.Civ.P. 59. We assume the parties' familiarity with the underlying facts and procedural history of the case.

The only issue on appeal is whether Dr. Sherry's testimony should have been precluded under Rule 37 of the Federal Rules of Civil Procedure because it exceeded the scope of his expert report, in contravention of Rule 26 of the Federal Rules of Civil Procedure. The district court concluded that Dr. Sherry's report had fully "complied with the Rule 26 requirements" in that it "provided all the information required by Rule 26(a)(2), including his opinions to be expressed at trial [and the] information he considered in forming those opinions." In the alternative, the district court concluded, "even if Dr. Sherry's testimony had been outside of the Report, and in violation of Rule 26," the testimony did not warrant preclusion.

A "trial judge has broad discretion in the matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous." *See Salem v. United States Lines Co.*, 370 U.S. 31, 35, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962). Moreover, the premise of Lormé's argument, that the preclusion sanction under Rule 37 is nearly automatic, is not correct. We have held that "[t]o the extent that the Advisory Committee Note calls Rule 37(c)'s exclusion of evidence 'automatic,' . . . that characterization cannot be squared with the plain language of Rule 37(c)(1) itself," which recognizes that the district court may impose other appropriate sanctions as an alternative to preclusion. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir.2006). Thus, even absent a finding of either substantial justification or harmlessness, "the court does have discretion to impose other, less drastic, sanctions." *Id.* *See also Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir.1995) ("The imposition of sanctions for abuse of discovery under Fed. R. Civ. Pro. 37 is a matter within the discretion of the trial court.") (internal citations and quotation marks omitted); *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir.1994).

Even accepting that Dr. Sherry's opinions went beyond what was in his report, we find the district court did not abuse its discretion in concluding that neither preclusion nor a new trial was warranted. The final pre-trial order put Lormé on notice of Delta's defense that her back injury reflected a preexisting condition. The report of Dr. Rubenstein, who, though never called to the stand, was listed as a witness, went even further, explaining that the proximate cause of her injury was

---

* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

morbid obesity, not the collision. Lormé's two experts referred to the same MRI when they testified on direct examination that the collision was, in fact, what proximately caused the injury. If Lormé wished to recall an expert to the stand to respond to the testimony of Dr. Sherry, she had the option to do so. That she did not (and did not actively pursue other alternatives short of preclusion) suggests the prejudice, if any, was slight.

We have considered the plaintiff-appellant's remaining arguments and find them to be without merit. The judgment of the district court is therefore **AFFIRMED.**